# Exhibit A

James R. Hawkins, Esq. SBN 192925
Isandra Fernandez, Esq. SBN 220482
**JAMES HAWKINS APLC**
9880 Research Drive, Suite 200
Irvine, CA 92618
TEL: (949) 387-7200
FAX: (949) 387-6676

Attorneys for Plaintiff, NICHOLAS SHEPARD
on behalf of himself and all others similarly situated

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR COUNTY OF STANISLAUS

| | |
|---|---|
| NICHOLAS SHEPARD on behalf of himself and all others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>FLOWERS BAKING CO OF MODESTO, LLC, a California limited liability company; ABM GENERAL SERVICES, INC. a Delaware corporation, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.<br>ASSIGNED FOR ALL PURPOSES TO:<br>JUDGE:<br>DEPT:<br><br>**CLASS ACTION COMPLAINT**<br><br>1) **Failure to pay Lawful Wages Owed;**<br>2) **Failure to Provide Lawful Meal Periods or Compensation in Lieu Thereof;**<br>3) **Failure to Provide Lawful Rest Periods or Compensation in Lieu Thereof;**<br>4) **Failure to Timely Pay Wages;**<br>5) **Knowing and Intentional Failure to Comply With Itemized Employee Wage Statement Provisions;**<br>6) **Failure to indemnify employee for expenditures; and**<br>7) **Violations of the Unfair Competition Law**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff NICHOLAS SHEPARD (hereinafter "Plaintiff") on behalf of himself and all others similarly situated assert claims against Defendant FLOWERS BAKING CO OF

- 1 -

CLASS ACTION COMPLAINT

**Exhibit A, Page 17**

MODESTO, LLC; ABM GENERAL SERVICES, INC., and DOES 1 through 50 (hereinafter collectively referred to as "Defendants") as follows:

## I.

## <u>INTRODUCTION</u>

1.     This is a Class Action, pursuant to Code of Civil Procedure section 382, brought against Defendants and any subsidiaries and affiliated companies on behalf of Plaintiff and all Non-Exempt Employees employed by Defendants in California to work for Flowers Baking Co who occupied positions of "Splitter", and similar positions (hereinafter "Non-Exempt Employees" or "Class Members")

2.     During the liability period, defined as the applicable statute of limitations for each and every cause of action contained herein, Defendants enforced shift schedules, employment policies and practices and/or workload requirements wherein Plaintiff and Non-Exempt Employees were, amongst other statutory violations, not paid all lawful wages owed; not provided compliant rest and meal periods; not provided accurate itemized wage statements; and not paid timely wages at termination.

3.     Plaintiff, on behalf of himself and Class Members, bring this action pursuant to Labor Code sections 201-203, 225, 226, 226.7, 510, 512, 558, 1194, 1198, Title 8, Section 11050 and any other applicable Industrial Welfare Commission ("IWC") Wage Orders, seeking unpaid lawful wages, unpaid rest and meal period compensation, penalties and other equitable relief, and reasonable attorneys' fees and costs.

4.     Plaintiff, on behalf of himself and all Class Members, pursuant to Business and Professions Code sections 17200-17208, also seeks restitution from Defendants based on Defendants' violations of California Labor Code of Regulations, Title 8, section 11050 *et seq.*

## II.

## <u>JURISDICTION AND VENUE</u>

5.     This Court has jurisdiction over this action pursuant to the California Constitution Article VI §10, which grants the California Superior Court original jurisdiction in

- 2 -

CLASS ACTION COMPLAINT

**Exhibit A, Page 18**

1   all causes except those given by statute to other courts.  The statutes here do not give

2   jurisdiction to any other court. The monetary damages and restitution sought by Plaintiffs

3   exceed the minimum jurisdiction limits of the California Superior Court and will be established

4   according to proof at trial.  Venue is proper to each Defendant pursuant to Code of Civil

5   Procedure section 395 because they conduct substantial and continuous business activities in

6   Stanislaus County, California and are within the jurisdiction of this Court for service of process

7   purposes.  Defendants employ numerous Class Members in Modesto, California.

9   **III.**

10   **PARTIES**

11      6.   Plaintiff is, and at all times mentioned in this complaint was, a resident of

12   California.

13      7.   Upon information and belief, Plaintiff alleges that Defendants were at all times

14   mentioned herein licensed and qualified to do business in California.  On information and belief,

15   Plaintiff alleges that at all relevant times referenced herein Defendants did and continue to

16   transact business throughout California

17      8.   The true names and capacities of Defendants, whether individual, corporate,

18   associate, or otherwise, sued herein as DOES 1 through 50, inclusive, are currently unknown to

19   Plaintiff, who therefore sues Defendants by such fictitious names under Code of Civil Procedure

20   section 474.  Plaintiff is informed and believes, and based thereon alleges that each of the

21   Defendants designated herein as a DOE is legally responsible in some manner for the unlawful

22   acts referred to herein.  Plaintiff will seek leave of court to amend this Complaint to reflect the

23   true names and capacities of the Defendants designated hereinafter as DOES when such identities

24   become known.

25      9.   Plaintiff is informed and believes, and based thereon alleges, that Defendants

26   acted in all respects pertinent to this action as the agent of the other Defendants, carried out a

27   joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each

28   Defendant are legally attributable to the other Defendants.

- 3 -

CLASS ACTION COMPLAINT

**Exhibit A, Page 19**

# IV.

## FACTUAL BACKGROUND

10.     Defendant FLOWERS BAKING CO OF MODESTO, LLC ("Flowers"), is headquartered in Modesto, California and engaged in baking and distribution of bread and baked goods through California and United States..

11.     Defendant ABM GENERAL SERVICES, INC ("ABM"), provides employment Staffing services to companies in the state of California including Defendant.

12.     Plaintiff was hired by Defendants on or about September 18, 2016 and worked until about May 22, 2019.  As a Splitter, Plaintiff typically worked 5 days and over 40 hours a week, at the Modesto "Depot".  "Depots" are where "Splitters" await the trucks from Flowers Bakery, unload them, and then load the trucks for distribution.  As Splitters, Plaintiff and Class Members are required to perform their job duties at a fast pace and within specific time constraints.

13.     During the relevant time frame, Defendants failed to pay all lawful wages owed including overtime to Plaintiff and Class Members by failing to pay for all hours worked.  For instance, Plaintiff and Class Members were required to clock-in at the start of their shift, for meal breaks and at the end of their shift via their cellular phone. Due to the demands of work shifts and threat of disciplinary action, Plaintiff and Class Members would clock-in and clock-out for the scheduled meal period but actually worked through their meal periods.  Plaintiff and Class Members informed Defendants that they were not able to take meal period breaks despite clocking out for them.  Defendants failed to accurately record such times, and failed to compensate Plaintiff and Class Members for time spent working "off the clock" and without compensation during their scheduled meal periods.

14.     During the liability period, due to the demands of work shifts, Plaintiff and Class Members were required to work in excess of five (5) hours without being provided an uninterrupted thirty (30) minute meal period by the end of the fifth hour and were not compensated one (1) hour of pay at their regular rate of compensation for each workday that a compliant meal period was not provided.

- 4 -

CLASS ACTION COMPLAINT

**Exhibit A, Page 20**

15.     During the liability period, due to the demands of work shifts, Plaintiff and Class Members were at times required to work in excess of ten (10) hours without being provided a second uninterrupted thirty (30) minute meal period by the end of the fifth hour and were not compensated one (1) hour of pay at their regular rate of compensation for each workday that a compliant meal period was not provided.  At times, Plaintiff and Class Members worked 12 hours in a shift without a second 30-minute break.

16.     During the liability period, due to the workload requirements and time constraints resulting from the demands of work shifts, Plaintiff and Class Members were not permitted to take a minimum ten (10) minute rest period for every four hours or major fraction thereof worked.  Plaintiff and Class Members were seldom, if at all, provided a rest period.  Plaintiff and Class Members were not compensated one (1) hour of pay at his regular rate of compensation for each workday that rest periods were not provided, in violation of California labor laws, regulations, and IWC Wage Orders.

17.     On information and belief, Defendants willfully failed to pay Non-Exempt Employees all earned wages in a timely manner; nor have Defendants paid to Non-Exempt Employees, upon or after termination of their employment, all compensation due, including but not limited to all wages owed and compensation for having failed to properly provide rest periods and meal periods.

18.     Defendants have also failed to maintain accurate itemized records reflecting total hours worked and have failed to provide Non-Exempt Employees with accurate itemized wage statements reflecting total hours worked and appropriate rates of pay for those hours worked.

19.     During the liability period, Plaintiff and Class Members were required to use their personal cell phones in the performance of their job duties.  Specifically, Plaintiff and Class Members were required to clock in and out for the start and end of their shifts and meal periods. They were also required to text dispatch to receive information regarding their work shifts. Plaintiff and Class Members were not reimbursed for the use of their personal phones of their job duties

20.     Upon information and belief, Plaintiff alleges that Defendants currently and

- 5 -

CLASS ACTION COMPLAINT

**Exhibit A, Page 21**

1 │ during the relevant period employ over fifty (50) employees in California in non-exempt hourly

2 │ positions as Splitters and/or similar positions

3 │     21.    Non-Exempt Employees employed by Defendants all times pertinent hereto, have

4 │ been non-exempt employees within the meaning of the California Labor Code, and the

5 │ implementing rules and regulations of the IWC California Wage Orders.

6 │

7 │ 

**V.**

**CLASS ACTION ALLEGATIONS**

8 │

9 │     22.    Plaintiff seeks to represent a Class comprised of and defined as: All persons who

10 │ are employed or have been employed by Defendants in the state of California as hourly non

11 │ exempt employees to work for Flowers Bakery and who occupied position of "Splitter" and

12 │ similar position within four (4) years prior to the date this lawsuit is filed ("liability period") until

13 │ resolution of this lawsuit (collectively referred to as the "Class" and/or Class Members").

14 │     23.    Plaintiff also seeks to represent Subclasses which are composed persons satisfying

15 │ the following definitions:

16 │     a.    All Non-Exempt Employees employed by Defendants in California to

17 │ work for Flowers Bakery and who occupied positions of "Splitter" and similar positions within

18 │ the statutory liability period and were not accurately and fully paid all lawful wages owed to

19 │ them including minimum wages for all hours worked;

20 │     b.    All Non-Exempt Employees employed by Defendants in California to

21 │ work for Flowers Bakery and who occupied positions of "Splitter" and similar positions within

22 │ the statutory liability period and have not been provided an thirty (30) minute uninterrupted

23 │ meal period when they worked over five hours in a work shift by the end of the fifth hour

24 │ and/or over 10 hours in a work shift by the end of the tenth hour and were not provided

25 │ compensation in lieu thereof.

26 │     c.    All Non-Exempt Employees employed by Defendants in California to

27 │ work for Flowers Bakery and who occupied positions of "Splitter" and similar positions within

28 │ the statutory liability period and have not been provided a minimum ten (10) minute rest period

- 6 -

1  for every four (4) hours or major fraction thereof worked per day and were not provided
2  compensation in lieu thereof;

3      d.      All Non-Exempt Employees employed by Defendants in California to
4  work for Flowers Bakery and who occupied positions of "Splitter" and similar positions within
5  the statutory liability period and were not timely paid all wages due and owed to them upon the
6  termination of their employment with Defendants; and

7      e.      All Non-Exempt Employees employed by Defendants in California to
8  work for Flowers Bakery and who occupied positions of "Splitter" and similar positions within
9  the statutory liability period and were not provided with accurate and complete itemized wage
10  statements.

11      f.      All Non-Exempt Employees employed by Defendants in California who
12  occupied positions of "Splitter" and similar positions within the statutory liability period and
13  were not indemnified for expenses incurred in direct consequence of the discharge of their
14  duty.

15      24.    Plaintiff reserves the right under Rule 3.765, California Rules of Court, to amend
16  or modify the class description with greater specificity or further division into subclasses or
17  limitation to particular issues.

18      25.    This action has been brought and may properly be maintained as a class action
19  under the provisions of section 382 of the Code of Civil Procedure because there is a well-
20  defined community of interest in the litigation and the proposed Class is easily ascertainable.

21  **A. Numerosity**

22      26.    The potential members of the Class as defined are so numerous that joinder of all
23  the members of the Class is impracticable. While the precise number of Class Members has not
24  been determined at this time, Plaintiff is informed and believes that Defendants currently
25  employ, and/or during the relevant time period employed, approximately over 50 Non-Exempt
26  Employees in California who are or have been affected by Defendants' unlawful practices as
27  alleged herein.

28

- 7 -

CLASS ACTION COMPLAINT

**Exhibit A, Page 23**

**B. Commonality**

27.     There are questions of law and fact common to the Class predominating over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

   i.      Whether Defendants, through their time clock rounding practices and policies violated Labor Code §§510, 1194 and applicable IWC Wage Orders by failing to pay all earned wages including overtime compensation to Non-Exempt Employees who worked in excess of eight (8) hours in a work day and/or more than forty (40) hours in a work week for time spent under Defendants' control and working "off the clock";

   ii.     Whether Defendants violated Labor Codes sections 200, 1194, and 1197 and applicable IWC Wage Orders for failing to pay minimum wages to Non-Exempt Employees for time spent under Defendants' control and working "off the clock" without pay;

   iii.    Whether Defendants violated sections 226.7, 512 of the Labor Code and applicable IWC Wage Order by failing to provide statutorily compliant thirty (30) minute meal periods to Non-Exempt Employees on days in which they worked in excess of five (5) hours and failing to compensate said employees one hour wages in lieu of meal periods;

   iv.     Whether Defendants violated Labor Code section 226.7 and applicable IWC Wage Orders by failing to authorize and permit minimum ten (10) minute rest periods to Non-Exempt Employees for every four hours or major fraction thereof worked and failing to compensate said employees one (1) hours wages in lieu of rest periods;

   v.      Whether Defendants violated sections 201-203 of the Labor Code and applicable IWC Wage Orders by failing to pay all earned wages and/or premium wages due and owing at the time that any Non-Exempt Employees' employment with Defendants terminated;

- 8 -

vi.      Whether Defendants violated section 2802 of the Labor Code by not indemnifying Non-Exempt employees for expenses incurred in being required to use their personal phones in the performance of their job duties; and

vii.     Whether Defendants violated section 17200 *et seq.* of the Business and Professions Code through their violation of the above-referenced Labor Code and Civil Code sections and applicable IWC Wage Orders which violation constitutes a violation of fundamental public policy.

**C. Typicality**

27.    The claims of the named Plaintiff are typical of the claims of the Class. Plaintiff and all members of the Class sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of California laws, regulations, and statutes as alleged herein.

**D. Adequacy of Representation**

28.    Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Counsel who represents Plaintiff is competent and experienced in litigating large employment class actions.

**E. Superiority of Class Action**

29.    A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each member of the Class has been damaged and is entitled to recovery by reason of Defendants' unlawful policy and/or practice herein complained of.

30.    Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

- 9 -

CLASS ACTION COMPLAINT

**Exhibit A, Page 25**

1

## VI.
## CAUSES OF ACTION

**First Cause of Action**
Failure to Pay Lawful Wages Owed
(Lab. Code §§ 510, 1194, IWC Wage Orders)
(Against All Defendants)

31.    Plaintiff repeats and incorporates herein by reference every allegation set forth above, as though fully set forth herein.

32.    During the liability period, Defendants implemented a timekeeping practice that drove Non-Exempt Employees to clock-in and clock-out in a manner that resulted in loss of time worked.  As a result, Non-Exempt Employees were consistently underpaid and were required to work off the clock and without pay.

33.    Defendants' policies, practices and work shift requirements resulted in Non-Exempt Employees working "off the clock" and not receiving compensation for all earned wages including overtime in violation of California state wage and hour laws.

34.    During the liability period, Defendants' policies and/or practices resulted in Non-Exempt Employees working off the clock and in excess of eight (8) hours in a workday and/or forty (40) hours in a workweek without receiving the proper compensation at the rate of time and one-half (1 1/2) of such employee's regular rate of pay.

35.    During the liability period, Defendants' policies and/or practices resulted in Plaintiff and Non-Exempt Employees not receiving minimum wages for time spent working off the clock while subject to the control of Defendant all without pay.

36.    As a result of the unlawful acts of Defendants, Plaintiff and the Class he seeks to represent have been deprived of compensation for all earned wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to Labor Code section 1194.

37.    WHEREFORE, Plaintiff, and the Class he seeks to represent, request relief as described herein and below.

- 10 -

**Second Cause of Action**
Failure to Provide Lawful Meal Periods
Or Compensation in Lieu Thereof
(Lab. Code §§226.7, 512, IWC Wage Orders)
(Against All Defendants)

38.     Plaintiff repeats and incorporates herein by reference every allegation set forth above, as though fully set forth herein.

39.     By their failure to provide thirty (30) minute uninterrupted meal periods by the end of the fifth hour for days which Non-Exempt Employees worked in excess of five (5) hours and failing to provide compensation for such statutorily non-compliant meal periods, Defendants violated the provisions of Labor Code §512 and applicable IWC Wage Orders.

40.     By their failure to provide a second thirty (30) minute uninterrupted meal period by the end of the fifth hour for days which Non-Exempt Employees worked ten (10) hours and failing to provide compensation for such statutorily non-compliant meal periods, Defendants violated the provisions of Labor Code §512 and applicable IWC Wage Orders

41.     As a result of the unlawful acts of Defendants, Plaintiff and the Class he seeks to represent have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon under Labor Code §226.7.

42.     WHEREFORE, Plaintiff, and the Class he seeks to represent, request relief as described herein and below.

**Third Cause of Action**
Failure to Provide Rest Periods
Or Compensation in Lieu Thereof
(Lab. Code §§226.7, IWC Wage Orders)
(Against All Defendants)

43.     Plaintiff repeats and incorporates herein by reference every allegation set forth above, as though fully set forth herein.

44.     By their failure to authorize and permit a minimum ten (10) minute rest period for

- 11 -

**Exhibit A, Page 27**

1   every four (4) hours or major fraction thereof worked per day by Non-Exempt Employees, and

2   failing to provide compensation for such non-provided rest periods, as alleged above, Defendants

3   willfully violated the provisions of Labor Code section 226.7 and IWC applicable Wage Orders.

4        45.    As a result of the unlawful acts of Defendants, Plaintiff and the Class he seeks to

5   represent have been deprived of premium wages in amounts to be determined at trial, and are

6   entitled to recovery of such amounts, plus interest and penalties thereon under Labor Code

7   §226.7.

8        46.    WHEREFORE, Plaintiff, and the Class he seeks to represent, request relief as

9   described herein and below.

10

11   **Fourth Cause of Action**
Failure to Timely Pay Wages Due At Termination

12   Lab. Code §§ 201-203, 227.3, IWC Wage Orders)
(Against All Defendants)

13

14        47.    Plaintiff incorporates by reference and realleges every allegation contained above,

15   as though fully set forth herein.

16        48.    Sections 201 and 202 of the California Labor Code require Defendants to pay its

17   employees all wages due within 72 hours of termination of employment. Section 203 of the

18   Labor Code provides that if an employer willfully fails to timely pay such wages the employer

19   must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in

20   full or an action is commenced. The penalty cannot exceed 30 days of wages.

21        49.    Plaintiff and class members are entitled to compensation for all forms of wages

22   earned, including compensation for non-provided rest and meal periods, but to date have not

23   received such compensation therefore entitling them Labor Code section 203 penalties.

24        50.    More than 30 days have passed since Plaintiff and Class Members have left

25   Defendants' employ, and on information and belief, have not received payment pursuant to Labor

26   Code §203.  As a consequence of Defendants' willful conduct in not paying all earned wages,

27   certain Class Members are entitled to 30 days' wages as a penalty under Labor Code section 203

28   for failure to pay legal wages.

- 12 -

51.     WHEREFORE, Plaintiff, and the Class he seeks to represent, request relief as described herein and below.

### Fifth Cause of Action
Knowing and Intentional Failure to Comply With Itemized Employee
Wage Statement Provisions
(Lab. Code § 226, IWC Wage Orders)
(Against All Defendants)

52.     Plaintiff repeats and incorporates herein by reference every allegation set forth above, as though fully set forth herein.

53.     Section 226(a) of the California Labor Code requires Defendants to itemize in wage statements all deductions from payment of wages and to accurately report total hours worked by Plaintiff and the members of the proposed class. IWC Wage Orders require Defendants to maintain time records showing, among others, when the employee begins and ends each work period, meal periods, split shift intervals and total daily hours worked in an itemized wage statement, and must show all deductions and reimbursements from payment of wages, and accurately report total hours worked by Plaintiff and the members of the proposed class.  On information and belief, Defendants have failed to record all or some of the items delineated in Industrial Wage Orders and Labor Code §226.

54.     Defendants violated Section 226(a)(2) by failing to provide Plaintiff and class members with statements of wages that accurately showed the total hours worked by Plaintiff and the other class members. Defendants violated Section 226(a)(5) by failing to provide Plaintiff and the class members with statements of wages that accurately showed the net wages earned for regular hours worked, overtime hours worked.  Defendants violated Section 226(a)(9) by failing to provide Plaintiff and the other class members with statements of wages that accurately showed the applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate.

- 13 -

CLASS ACTION COMPLAINT

**Exhibit A, Page 29**

55.     Plaintiff and Class Members have been injured by Defendants' actions by rendering them unaware of the full compensation to which they were entitled under applicable provisions of the California Labor Code and applicable IWC Wage Orders.

56.     Pursuant Labor Code §226, Plaintiff and Class Members are entitled up to a maximum of $4,000.00 each for record-keeping violations.

57.     WHEREFORE, Plaintiff, and the Class he seeks to represent, request relief as described herein and below.

### Sixth Cause of Action
Failure to Indemnify Employees for Expenditures
(Lab. Code § 2802)
(Against All Defendants)

58.     Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

59.     As set forth above, Section 2802 of the California Labor Code requires Defendants to indemnify employees for all necessary expenditures incurred in direct consequence of the discharge of his duties.

60.     Defendants violated Section 2802 by, among other things, failing to indemnify Plaintiff and Class Members for expenditures incurred for using personal cellular phone in the performance of job duties.

61.     As a result of the unlawful acts of Defendants, Plaintiff and the Class he seeks to represent have incurred expenditures in amounts to be determined at trial.

62. WHEREFORE, Plaintiff, and the Class he seeks to represent, request relief as described herein and below.

### Seventh Cause of Action
Violation of Unfair Competition Law
(Bus. & Prof. Code, §§ 17200-17208)
(Against All Defendants)

63.     Business & Professions Code Section 17200 provides:

- 14 -

CLASS ACTION COMPLAINT

**Exhibit A, Page 30**

As used in this chapter, unfair competition shall mean and include any **unlawful, unfair** or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code.) (Emphasis added.)

64. Defendants' violations of the Labor Code and Wage Order provisions set forth above constitute unlawful and/or unfair business acts or practices.

65.   The actions of Defendants, as alleged within this Complaint, constitute false, fraudulent, unlawful, unfair, and deceptive business practices, within the meaning of Business and Professions Code section 17200, *et seq.*

66.   Plaintiff and Class Members have been personally aggrieved by Defendants' unlawful and unfair business acts and practices alleged herein.

67.   As a direct and proximate result of the unfair business practices of Defendants, and each of them, Plaintiff, individually and on behalf of all employees similarly situated, is entitled to restitution of all wages which have been unlawfully withheld from Plaintiff and members of the Plaintiff Class as a result of the business acts and practices described herein.

68.   WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described herein and below.

## VII.

## PRAYER

WHEREFORE, Plaintiff prays for judgment as follows:

1.  That the Court determine that this action may be maintained as a class action;

2.  For compensatory damages in an amount according to proof with interest thereon;

3.  For economic and/or special damages in an amount according to proof with interest thereon;

4.  For premium wages pursuant to Labor Code §§226.7 and 512;

5.  For premium pay and penalties pursuant to Labor Code §§203, 226;

- 15 -

6.   For attorneys' fees, interests and costs of suit under Labor Code §§226, 1194 and 2802; and

7.   For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.

**Dated: April 27, 2020**                    **JAMES HAWKINS, APLC**

James R. Hawkins, Esq.
Isandra Y. Fernandez, Esq.
Attorneys for Plaintiff
NICHOLAS SHEPARD

- 16 -

CLASS ACTION COMPLAINT

**Exhibit A, Page 32**